UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEITH JACKSON,
        Plaintiff,

v.                                                   Case No. 12-CV-00058

DR. SCOTT HOFTIEZER, BETH DITTMAN,
RN JEN KOEHLER, RN JANE DOE,
SGT. HELLER, WARDEN TIMOTHY LUNDQUIST,
and RICK RAEMISCH,
        Defendants.

## DECISION AND ORDER

Plaintiff, Keith Jackson, a state prisoner, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his constitutional rights were violated by the medical care he received and did not receive for his complaints of stomach pain while housed at Dodge Correctional Institution ("Dodge"). This matter is now before me on plaintiff's motion for leave to proceed in forma pauperis, his motion to appoint counsel, and for screening of plaintiff's complaint.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed in forma pauperis. Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $13.00. I will grant his motion for leave to proceed in forma pauperis.

Next, I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than

2

conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. Second, if there are well-pleaded factual allegations, the court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

In his sworn complaint, plaintiff has provided an extremely detailed account of the treatment (or lack thereof) of his stomach conditions while at Dodge, from the time he arrived on August 15, 2007, through his return to the institution after surgery at UW Hospital on November 12, 2008. Upon his arrival at Dodge, plaintiff immediately alerted the Health Service Unit ("HSU") of his history of stomach problems and surgery and that he was experiencing stomach pain. He received treatment for his condition, but it continued to worsen and plaintiff continued to experience severe pain. He consistently asked to be seen by a specialist at UW Hospital and for pain medication, but his requests were denied. Finally, after an emergency surgery at Waupun Memorial Hospital on May 10, 2008, to clear a bowel obstruction, during which a tumor was observed, plaintiff's visit to a specialist was set in motion. However, shortly after his first office visit with the UW

3

Hospital specialist on October 30, 2008, plaintiff required another emergency hospital visit on November 9, 2008, and ultimately surgery at UW Hospital to remove another bowel obstruction and remove the tumor.

Between November 7, 2008, and November 8, 2008, plaintiff wrote to defendant Dr. Scott Hoftiezer three times complaining of severe and worsening pain and additional gastrointestinal problems. Plaintiff received no responses to those requests, despite specific instructions regarding treatment from the specialist at UW Hospital.

At approximately 4:00 a.m. on November 9, 2008, plaintiff began vomiting. Defendant Sergeant Heller noticed the plaintiff's distress at about 4:30 a.m. and asked plaintiff if he needed medical attention. Sgt. Heller contacted the HSU and let plaintiff know they were on their way. He then unlocked plaintiff's cell door and told plaintiff to come into the unit hallway to wait for the medical staff. After eight to ten minutes, there was a knock on the unit door, and Heller went to open it. Defendant Nurse Jane Doe arrived with no information regarding plaintiff's medical history and asked him where he hurt. Although he was still vomiting, plaintiff was able to tell the nurse about his condition (a history of bowel obstructions and a tumor for which he had seen a surgeon at UW Hospital who was planning to remove it). There was another knock on the unit door. When Sgt. Heller opened it, defendant Nurse Jan Koehler arrived with plaintiff's medical charts. She noted plaintiff's three requests and his medical history and said she thought plaintiff was having another bowel obstruction. Plaintiff informed the nurses that he had not had a bowel movement in two days. Nurse Jane Doe said, "there's nothing we can do and I am going home in a half hour, let first shift deal with him, put him back in his cell." (Compl. at 24.) Both nurses walked down the hall and out the door, and Sgt. Heller ordered plaintiff back

4

into his cell. It was only during the 6:00 a.m. count after the shift change that the first shift sergeant recognized plaintiff needed immediate medical attention and wheeled him to the HSU before plaintiff was transported to the emergency room.

Defendants Beth Dittmann and Dr. Hoftiezer were personally involved with plaintiff's treatment and/or his requests and complaints about the treatment he was receiving throughout the relevant time period. Additionally, plaintiff has shown personal involvement by Sgt. Heller, Nurse Jane Doe, and Nurse Jan Koehler. Plaintiff's claims implicate his Eighth Amendment right to medical care, and he may proceed on Eighth Amendment medical care claims against each of these defendants in his or her individual capacity for their action or inaction with regard to plaintiff's medical treatment.

However, only a defendant who is personally responsible for depriving the plaintiff of a constitutional right may be held liable under § 1983. Grieveson v. Anderson, 538 F.3d 763, 778 (7th Cir. 2008); Trujillo v. Williams, 465 F.3d 1201, 1227 (10th Cir. 2006); Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006). If someone else has committed the act that resulted in the constitutional deprivation, then the defendant can only be personally responsible if he knows about the other person's act, has a realistic opportunity to prevent it, and deliberately or recklessly fails to do so. Lewis v. Downey, 581 F.3d 467, 472 (7th Cir. 2009); Smith v. Mensinger, 293 F.3d 641, 650–51 (3d Cir. 2002); Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994). Section 1983 does not allow actions against persons merely because of their supervisory roles. T.E. v. Grindle, 599 F.3d 583, 588 (7th Cir. 2010); Palmer v. Marion County, 327 F.3d 594 (7th Cir. 2003).

Accordingly, plaintiff may not proceed on claims against Dittmann or Dr. Hoftiezer based on their supervisory roles in the HSU or plaintiff's assertion that Dr. Hoftiezer should

5

have reviewed the medical care he received from other doctors. Nor may plaintiff proceed on claims against defendants Rick Raemisch and Warden Timothy Lundquist because his complaint does not allege any personal involvement by them. I will dismiss Raemish and Lundquist as defendants to this action.

With regard to plaintiff's desire to proceed against each of the defendants in his or her official capacity, a suit against a state official in his or her official capacity is a suit against the official's office. As such, it is not different than a suit against the state itself. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Plaintiff's official capacity claims against defendants are therefore claims against the state, but the Eleventh Amendment bars suits for damages in federal court against unconsenting states unless Congress has exercised its power to override the immunity. Id. at 66. Since plaintiff seeks only monetary damages against defendants, including payment of his medical expenses for any stomach condition for the rest of his life, his official capacity claims must be dismissed because of Eleventh Amendment immunity and also because the state is not a person suable under 42 U.S.C. § 1983. See id. at 66–67, 71.

Upon receipt of this order and a notice of appearance by an attorney on behalf of defendants, plaintiff should promptly use discovery to identify Nurse Jane Doe, who was working third shift on the morning of November 9, 2008, and who responded to the call to see plaintiff at approximately 4:30 a.m. Then, when he has learned her identity, plaintiff should move to amend the caption of his complaint to name Nurse Jane Doe so she can be served. Even if plaintiff is unsuccessful in his attempts to identify Nurse Jane Doe, it is the court's duty to assist him in doing so. See Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996) ("To the extent the plaintiff faces barriers to determining

6

Case 2:12-cv-00058-LA   Filed 03/14/12   Page 6 of 10   Document 11

the identities of the unnamed defendants, the court must assist the plaintiff in conducting the necessary investigation."). If, after a good faith attempt to discover the name of Nurse Jane Doe, plaintiff remains unable to identify her, he shall advise the court regarding his attempts and seek help to disclose the identity. Plaintiff shall update the court regarding his attempts to identify Nurse Jane Doe on or before **Monday, April 30, 2012**.

Finally, plaintiff filed a motion to appoint counsel. He argues that he is not a legal professional and feels he needs someone who is more capable of handling this matter. He also asserts that he has sought to obtain counsel on his own, but has not been successful. Although civil litigants do not have a constitutional or statutory right to appointed counsel, I have the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007); Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir. 1997) (citing Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995)). Plaintiff has satisfied the threshold matter of showing his reasonable attempt to secure private counsel on his own. See Pruitt, 503 F.3d at 654. As a result, I must consider the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. Id. at 654–55 (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993)). Although plaintiff is proceeding on medical care claims, which can be complex, his extremely detailed and well written complaint conveys the facts and shows an understanding of the medical and legal issues and his competence to litigate this case himself. See Santiago v. Walls, 599 F.3d 749, 761–62 (7th Cir. 2010). At this time, I will deny plaintiff's motion without prejudice.

7

**THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [DOCKET #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [DOCKET #9] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Rick Raemisch and Warden Timothy Lundquist are **DISMISSED** as defendants in this action.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the remaining state defendants.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $337.00 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

> Honorable Lynn Adelman
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document filed with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

9

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 14th day of March 2012.

s/_____
LYNN ADELMAN
District Judge