# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KEITH JACKSON,**

      **Plaintiff,**

      v.                                                                                            **Case No. 12-CV-0058**

**DR. SCOTT HOFTIEZER, BETH DITTMANN,**
**RN JEN KOEHLER, RN JANE DOE, and SGT. HELLER,**

      **Defendants.**

## ORDER

This matter is before me on a number of motions.

I entered a Scheduling Order on May 24, 2012, setting forth a discovery cutoff of September 28, 2012, and a dispositive motion deadline of October 29, 2012. On August 15, 2012, I resolved several motions from plaintiff, including two motions to compel and a motion to appoint counsel. On September 17, 2012, plaintiff filed a motion for leave to conduct a written deposition of the defense and other important witness (Docket #53), as well as another motion to appoint counsel (Docket #55). Plaintiff asks for leave to take a deposition under Federal Rule of Civil Procedure 31 and wants the court to arrange it for him. Plaintiff asserts that he needs this deposition for trial preparation, but he does not specify exactly who he wants to depose, what information he is seeking for trial preparation, or why he could not obtain the information he seeks through the use of other methods of discovery available to him, such as interrogatories, requests for admissions and requests for production of documents. Also, it is unclear whether plaintiff needed leave from the court. If he was able to pay for the depositions and the conditions in Rule 31(a)(2) did not apply, he could simply arrange them pursuant to Rule 31(a)(1). And finally, this motion was filed less than two weeks before the close of discovery, without sufficient time

to take the depositions before discovery closed. For these reasons, I will deny plaintiff's motion for leave to conduct a written deposition.

I also note that it appears plaintiff does not fully understand how Rule 31 operates. Arranging for a deposition officer (usually a stenographer or court reporter) to meet with defendants and others and conduct the depositions by written questions would involve considerable expense and time. This is not an expense that the court would pay. See, e.g., McNeil v. Lowery, 831 F.2d 1368, 1373 (7th Cir.1987) (holding that although the constitution guarantees a right of access to the courts, it does not require the government to pay witness fees so that an indigent plaintiff can present his case fully to the court).

In his motion to appoint counsel, plaintiff asks for counsel to advise him when needed and for trial purposes. He contends that being in prison has limited his ability to investigate this case and talk to witnesses. Once again, plaintiff has shown his attempts to secure counsel on his own, but I still conclude that he is competent to litigate this case himself. See Pruitt v. Mote, 503 F.3d 647, 650–55 (7th Cir. 2007); Santiago v. Walls, 599 F.3d 749, 761–62 (7th Cir. 2010).

On October 18, 2012, plaintiff filed three more motions. In a motion to reopen and allow discovery procedure (Docket #60), plaintiff indicates that he recently discovered witnesses not in his complaint. He would like to serve discovery requests on these new witnesses. Also, he has learned about Rule 36 Requests for Admissions and wants to serve some requests for admissions on defendants and possibly witnesses. First, requests for admissions may only be served on parties. Fed. R. Civ. P. 36(a). Second, after the close of discovery is too late to propound open ended discovery on new witnesses. This motion will be denied.

2

Case 2:12-cv-00058-LA    Filed 04/02/13    Page 2 of 5    Document 97

However, I will grant plaintiff's motion for an extension of time for summary judgment and his motion to compel. I want to make sure that plaintiff had sufficient opportunity to conduct discovery so that he can continue to prosecute this case effectively. In his motion for an extension of time for summary judgment (Docket #62), plaintiff asserts that he needs responses from the court to his motions and responses from defendants to his discovery requests before he can file a motion a motion for summary judgment. In his motion to compel (Docket #64), plaintiff asks me to compel defendants to fully answer the interrogatories he served on September 12, 2012 (Docket #48-52), and the request served on September 27, 2012 for production of the CNA and nursing staff schedule for October 20-21, 2008, and November 2008, with the time the employees arrived at and departed from the prison (Docket #58). Apparently defendants simply did not respond to these discovery requests. Nor did they respond to plaintiff's motions.

I anticipate that, had they responded, defendants would have argued that these discovery requests were sent too late to be answered by the close of discovery, or perhaps that the total number of interrogatories exceeded the number allowed. Additionally, they might have challenged plaintiff's motion to compel because it does not contain the required certification of a good faith attempt to resolve the dispute before filing the motion. However, defendants made none of these arguments, which effectively left plaintiff in the dark as to why his discovery requests were not answered. I will not allow plaintiff to serve additional discovery requests after the discovery deadline, but I will ensure that he receives answers to the discovery requests he served in good faith prior to the deadline.

On or before **Tuesday, April 30, 2013**, defendants shall file a letter advising me of when they responded to the interrogatories at Docket #48–52 and the request for

production of documents at Docket #58. If they have not already responded, they shall do so by that date.

Defendants filed their motion for summary judgment on October 29, 2012. Plaintiff filed his responsive documents on December 5, 2012. On December 11, 2012, defendants submitted a motion to strike plaintiff's responsive filings and award summary judgment to defendants. They contend that plaintiff's response consisted of eleven separate documents that are so incomprehensible that defendants cannot formulate a meaningful reply. Plaintiff responded to this motion on December 26, 2012. Plaintiff also submitted documents on February 4, 2013, and March 4, 2013, including an unsigned motion for extension of time. Because this motion does not comply with Federal Rule of Civil Procedure 11(a), which requires a signature on every written motion, it will be denied. In a letter received March 14, 2013, plaintiff clarified that the sworn document filed at Docket #94 is his response to defendants' proposed findings of fact. Although filed later, this document is organized and addresses each of defendants' proposed findings of fact. I will deny defendants' motion to strike and consider Docket #94 as part of plaintiff's response to defendants' motion for summary judgment.

Additionally, I will give plaintiff until **Friday, May 31, 2013**, to supplement his response to defendants' motion for summary judgment and/or file his own motion for summary judgment. Defendants' deadlines to reply and/or respond will be based on Civil Local Rule 56(b) (E.D. Wis.), as will plaintiff's deadline to reply, if applicable.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to conduct a written deposition (Docket #53) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket #55) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's motion to reopen and allow discovery (Docket #60) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time for summary judgment (Docket #62) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel discovery (Docket #64) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **Tuesday, April 30, 2013**, defendants shall respond to the interrogatories at Docket #48–52 and the request for production of documents at Docket #58, or file a letter advising the court of when they responded.

**IT IS FURTHER ORDERED** that defendants' motion to strike (Docket #87) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's unsigned motion for extension of time (Docket #90) is **DENIED**.

**IT IS FURTHER ORDERED** that on or before **Friday, May 31, 2013**, plaintiff may supplement his response to the defendants' motion for summary judgment and/or file his own motion for summary judgment. Defendants' deadlines to reply and/or respond will be based on Civil Local Rule 56(b) (E.D. Wis.).

Dated at Milwaukee, Wisconsin, this 2nd day of April 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge